UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JACQULINE Y. JARVIS,

VERSUS

LAFAYETTE INSURANCE COMPANY,
CITIZENS INSURANCE COMPANY &
STATE FARM FIRE AND CASUALTY
COMPANY

CIVIL ACTION

NO. 10-675-JJB-CN

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant's Motion (doc. 10) for Summary Judgment. Plaintiff failed to file an opposition. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. Oral argument is not necessary. For the reasons stated herein, the Court GRANTS Defendant's motion.

## Background

This case arises out of Defendant State Farm Fire and Casualty Company's ("State Farm") allegedly wrongful refusal to pay for damages to the home of Plaintiff Jacquline Y. Jarvis ("Jarvis"). The following facts are undisputed.

In April 2008, Baton Rouge, Louisiana was hit by a hailstorm during which Jarvis's home sustained damages (doc. 10, ex. D). At the time, Jarvis had a homeowner's policy with Lafayette Insurance Company/United Fire Group ("LIC") (doc. 10, ex. C). In June 2008, Jarvis's policy with LIC expired, and she signed a

new policy with State Farm (doc. 10, ex. A). In late-August 2008, Jarvis first reported the damage to her home from the hailstorm to LIC.

On September 1, 2008, Hurricane Gustav hit Baton Rouge. Two weeks after the Hurricane struck, on September 15, 2008, LIC sent an inspector to Jarvis's home in response to her claim for damages from the April hailstorm. Following the inspection, LIC paid Prime Roofing to repair the roof and minor interior damage (doc. 10, ex. B).

On September 1, 2010—two years after Hurricane Gustav and prior to making a claim to State Farm—, Plaintiff filed suit against State Farm seeking compensation for damages allegedly covered by her homeowner's policy (doc. 1). In response to interrogatories and requests for production of documents, Jarvis stated that the roof and interior of her home had been repaired but failed to reveal that she had previously asserted another insurance claim on the roof or that LIC paid for the repair. Moveover, Plaintiff produced only a single document which simply demonstrated that Prime Roofing had agreed to repair her roof on September 15, 2008 (doc. 10, ex. E). Only in a subsequent deposition, did State Farm learn that Plaintiff had filed a claim with LIC in connection with the April 2008 hailstorm (doc. 10, ex. D).

On June 15, 2011, State Farm filed its motion (doc. 10) for summary judgment. It asserts that Plaintiff has failed to produce any evidence of the damages she sustained as a result of Hurricane Gustav and that the only

damages she can prove were already repaired and paid for.  Plaintiff did not file a response.

## Standard of Review

A motion for summary judgment should be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  If the dispositive issue is one on which the nonmovant will bear the burden of proof at trial, the moving party satisfies its burden by pointing out that there is insufficient proof concerning an essential element of the nonmovant's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  If the issue is one in which the movant bears the burden of proof at trial, the movant must demonstrate the absence of material facts and entitlement to judgment as a matter of law.  *Id.* at 321.  If the movant does so, in order to survive the motion for summary judgment, the nonmovant must show that a genuine issue of material fact remains for the factfinder to resolve.  *Id.* at 323.  In either case, the court must construe all facts in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A "genuine issue of material fact" exists only when a reasonable fact-finder could return a verdict in the nonmovant's favor.  *Id.* at 248.

## Discussion

Defendant asserts that Plaintiff has failed to produce any evidence establishing the extent and type of damages she sustained and/or that the damages were caused by Hurricane Gustav. Defendant also asserts that the only damages Plaintiff can prove—damages to her roof—were already repaired and paid for by LIC. Plaintiff did not file a response.

A party seeking to recover under an insurance policy bears the burden of establishing both the extent of the loss and that the loss is covered by the policy. *Davidson v. United Fire & Cas. Co.*, 576 So. 2d 586, 590 (La. Ct. App. 4th Cir. 1991). Moreover, the party must prove the extent of its losses with legal certainty and cannot rely on speculation and conjecture. *Oliver v. LeJeune*, 668 So. 2d 347, 349 (La. 1996). *See also Jackson v. Lare*, 779 So. 2d 808, 814 (La. Ct. App. 2d Cir. 2000) (stating that "[w]hile the absence of independent corroborating evidence may not be fatal to the plaintiff's burden of proof, the lack of even a minimal degree of detail or specificity as to the extent of loss precludes an award").

Courts require such certainty because the fundamental purpose of property insurance contracts is indemnity—that is, to put the insured in the position she occupied prior to the loss, rather than a better position. *Wright v. Assurance Co. of Am.*, 728 So. 2d 974, 975 (La. Ct. App. 2d Cir. 1999). Pursuant to this principle, a party is estopped from seeking damages for which the party was already compensated. *Webster v. State Farm Fire & Cas. Ins. Co.*, 2008 WL 2080907, at *3 (E.D. La. 2008). Thus, to the extent that a party has

4

been compensated for one type of loss, the party may only recover additional damages if she can segregate the losses and prove the existence of the additional damages. *Wellmeyer v. Allstate Ins. Co.*, 2007 WL 1235042, at *2 (E.D. La. 2007).

The Court finds that there are no genuine issues of material fact. Jarvis's home was covered by a homeowner's policy with LIC when it was damaged during a hailstorm in April 2008 (doc. 10, exs. C & D). In June 2008, Jarvis signed a new policy with State Farm (doc. 10, ex. D). In late-August 2008, just days before Hurricane Gustav struck, Jarvis first reported the damage from the hailstorm to LIC (doc. 10, ex. D). On September 15, 2008, an inspector examined Plaintiff's home, after which LIC paid Prime Roofing over $4,500 to repair her roof and minor interior damage (doc. 10, exs. C & E). Nearly two years later, without first filing a claim with Defendant, Plaintiff filed suit to recover damages to her home allegedly sustained during Hurricane Gustav (doc. 1). However, in response to interrogatories and requests for documents, Plaintiff failed to produce any evidence establishing the nature and extent of her losses or that they were caused by Hurricane Gustav.

The Court also finds that Defendant is entitled to judgment as a matter of law. Plaintiff bears the burden of establishing that the loss is covered by the policy and the extent of the loss with legal certainty. *Oliver*, 668 So. 2d at 349; *Davidson*, 576 So. 2d at 590. On a motion for summary judgment, a party bearing the burden of proof at trial is required to present competent evidence

5

with enough specificity to create a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 325. The only evidence of loss that Plaintiff has produced is an agreement with Prime Roofing to repair her roof (doc. 10, ex. E). However, LIC paid Prime Roofing for the repair, and as such Plaintiff is estopped from seeking recovery for these losses from Defendant. *Webster*, 2008 WL 2080907, at *3. In addition, Plaintiff has failed to present competent evidence of any of her additional claimed damages. As such, she may not recover for these additional damages. *Wellmeyer*, 2007 WL 1235042, at *2.

Finally, the Court would like to remind Plaintiff's attorneys that they have a duty to perform a reasonable investigation to ensure the sufficiency of their client's claims under the Federal Rules of Civil Procedure and the rules of this Court.

## **Conclusion**

Accordingly, the Court hereby GRANTS Defendant's Motion (doc. 10) for Summary Judgment.

Signed in Baton Rouge, Louisiana this 15th day of July, 2011.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**